UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Miguel Rubio Menjivar
13425 Cloverdale Place
Germantown, MD 20874

**Plaintiff**

v.

Connie Nolan, Acting Associate Director
Service Center Operations Directorate
U.S. Citizenship and Immigration Services
2200 Crystal Drive Mail Stop 2425
Arlington VA 22202,

Ur M. Jaddou, Director
U.S. Citizenship and Immigration Services
5900 Capital Gateway Drive Mail Stop 2120
Camp Springs, MD 20588-0009,

Alejandro Mayorkas, Secretary
U.S Department of Homeland Security
2707 Martin Luther King Jr. Ave SE
Washington D.C. 20528-0485,

**Defendants.**

NO:   1:23-cv-2425

**COMPLAINT FOR AN ORDER TO COMPEL ACTION ON PLAINTIFF'S I-918,
PETITION FOR U NONIMMIGRANT STATUS, UNDER THE ADMINISTRATIVE
PROCEDURE ACT AND WRIT OF MANDAMUS**

## I.   INTRODUCTION

Plaintiff, Miguel Rubio Menjivar, has a pending petition for U-nonimmigrant status, which is available to victims of certain types of crimes who also assist law enforcement. Plaintiff brings this suit against the Secretary of Homeland Security, the Director of U.S. Citizenship and Immigration Services (USCIS), and others, challenging agency delays in adjudicating his visa application and associated application for employment authorization. Plaintiff seeks mandamus relief, directing USCIS to take action on his petition for U-Nonimmigrant Status.

## II.   <u>JURISDICTION AND VENUE</u>

1. This action arises under 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty) to compel the Defendants to perform a duty to which is owed to the Plaintiff.

2. Jurisdiction is further conferred by 5 U.S.C. §555(b) and § 704 of the Administrative Procedures Act (APA). Section 555(b) of the U.S. Code states that "… [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." Section 704 of the A.P.A. states that "Agency action made reviewable by statute and final agency action for which there is no adequate remedy in a court are subject to judicial review."

3. Subject matter jurisdiction is also proper under 28 U.S.C. § 1361, which states "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4. The APA also requires USCIS to perform its duties within a reasonable time. 5 U.S.C. § 555(b). If the agency fails to render a decision within a reasonable time, the Court has the

power to compel the agency to do so. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform actions "unlawfully withheld or unreasonably delayed"). The APA authorizes suit by "[a] person suffering a legal wrong because of agency action, or adversely affected within the meaning of a relevant statute." 5 U.S.C. §702. Under the APA, agency action means, amongst other things, a failure to act. 5 U.S.C. § 551(13). In this case, the Defendants have failed to take action in adjudicating the Plaintiff's U Nonimmigrant Visa application and the Plaintiff has been adversely affected as a result.

5. Venue is proper in the District Court for the District of Maryland pursuant to 28 U.S.C. §1391(e), because it is the district in which the plaintiff resides.

### III.  PARTIES

6. Plaintiff, Miguel Rubio Menjivar, is a 29 year old resident of Maryland. His address is 16235 Cloverdale Place, Germantown, Maryland. Plaintiff filed his petition for U-nonimmigrant status on June 14, 2021, and has been waiting on a decision on his petition since that date. The receipt number for Plaintiff's U-nonimmigrant visa application is EAC2126850991.

7. Defendant, Connie Nolan, is the Acting Associate Director of the Service Center Operations Directorate (SCOPS) of USCIS, in which she oversees activities at the USCIS Vermont Service Center. Her address is 2200 Crystal Drive Mail Stop 2425 Arlington VA 22202.

8. Defendant, Ur M. Jaddou, is sued in her official capacity as the Director of U.S. Citizenship and Immigration Services, a component agency within the U.S. Department of Homeland Security. She is charged with administering the services and benefits functions of the

immigration laws of the United States. Her Address is 20 Massachusetts Avenue NW, Washington DC 20529.

9. Defendant, Alejandro Mayorkas, is sued in his official capacity as the Secretary of the Department of Homeland Security (DHS). In this capacity, he is responsible for the administration and enforcement of the immigration and naturalization laws. 8 U.S.C. § 1103(a). His address is U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave., SE Washington, DC 20528.

## IV. LEGAL BACKGROUND

10. In 2000, Congress created a new visa category for immigrant victims of crime who cooperate with law enforcement in the investigation or prosecution of that crime. *See* Victims of Trafficking and Violence Protection Act of 2000 ("VTVPA"), Pub. L. No. 106-386, 114 Stat. 1464 (2000).

11. Congress enacted the U visa provision to strengthen law enforcement's ability to investigate and prosecute crimes "while offering protection of victims of such offenses in keeping with the humanitarian interests of the United States." VTVPA, Pub. L. 106-386, at § 1513(a)(2)(A).

12. To be eligible for a U visa, an applicant must show: (1) he was a victim of an enumerated crime in violation of law, (2) he "suffered substantial physical or mental abuse as a result of having been a victim of criminal activity, (3) he possesses information concerning the criminal activity, and (4) he helped or is helping law enforcement or prosecutors in the investigation or prosecution of criminal activity. *See* 8 U.S.C. § 1101(a)(15)(U)(i)(III).

13. There is an annual statutory cap on U visas of 10,000 U visas per fiscal year[1], resulting in a backlog of U visa applications awaiting adjudication.

14. To address this backlog, USCIS enacted a regulatory "waiting list," whereby USCIS conducts an initial adjudication of the application and places "eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status ... on a waiting list." 8 C.F.R. § 214.14(d)(2). While on the waiting list, USCIS will grant the applicant deferred action and may grant work authorization. *Id.* This letter from USCIS is sometimes called the "Bona Fide Letter."

15. The statutory provisions and implementing regulations yield a three-tiered structure for aliens seeking a U visa. First, if an alien has not been granted a U visa or been placed on the waiting list, then the agency provides neither discretionary nor mandatory immigration status or work authorizations. Second, if an alien is eligible for U visa status but cannot be awarded a visa because of the statutory cap, that alien *must* be placed on the waiting list and is then entitled to deferred action and thus may be granted work authorization. *See* 8 C.F.R. § 214.14(d)(2). Third, if an alien is granted U visa status, then the alien is entitled to temporary lawful residency and must be granted authorization. 8 U.S.C. § 1184(p)(3)(B).

16. Through the implementation of regulations for the U visa program, the agency committed itself to place eligible applicants on the waiting list. 8 C.F.R. § 214.14(d)(2) ("[a]ll eligible petitions who, due solely to the cap, are not granted U-1 nonimmigrant status *must* be placed on a waiting list" (emphasis added).

17. It has been determined that the six-factor test for establishing unreasonableness regarding delays established in *Telecomm. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70 (D.C. Cir.

---

[1] *See* 8 U.S.C. § 1184(p)(2)(A) (USCIS may not grant more than 10,000 principal U visas in any given fiscal year).

1984), commonly known as the TRAC factors, are used in cases such as this. The TRAC factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order that agency action is "unreasonably delayed."

*Telecomm. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984) at 79 80. There are three basic inquires when applying the TRAC factors:

> First, is there any rhyme or reason—congressionally prescribed or otherwise—for [the agency]'s delay (factors one and two)? Second, what are the consequences of delay if the Court does not compel the [agency] to act (factors three and five)? Finally, how might forcing the agency to act thwart its ability to address other priorities (factor four)?

*Ctr. for Sci. in the Pub. Int. v. United States Food & Drug Admin.*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014).

## V. FACTS

18. Plaintiff filed his form I-918, Application for U-Nonimmigrant Status, and accompanying application for employment authorization, on or about June 14, 2021. His petition was received by the Vermont Service Center on that date.

19. Plaintiff's U visa petition was based on being the victim of an armed robbery. Law enforcement authorities have certified that Plaintiff assisted with the investigation of criminal conduct.

20. Plaintiff's U visa petition has been pending more than two years without any response, which is unreasonable. Plaintiff has not yet received the "Bona Fide Letter" from the Defendants which puts him on the wait list for U-nonimmigrant status and would entitle him to a grant of deferred action. Defendants have not adjudicated Plaintiff's U visa petition for placement on this regulatory waiting list.

21. Additionally, the failure to execute the U nonimmigrant status bona fide finding or waiting list in a timely and proper fashion undermines the law enforcement objectives that the statutes and regulations were intended to achieve.

22. Plaintiff has a clear right to relief in the form of adjudication of his U visa petition and/or placement on the waiting list if a visa is not yet available to him for purposes of being granted deferred action while waiting for a visa to become available. There are no further administrative remedies available to Plaintiff to exhaust while her U visa petition remains pending before USCIS.

23. Plaintiff has complied with all statutory and regulatory requirements for this U visa nonimmigrant status.

24. Defendants' failure to make waiting-list eligibility determinations and send bona fide letters granting deferred action to those in the wait list within a reasonable time constitutes agency action unreasonably delayed in violation of APA, 5 U.S.C. §§ 555(b), 706(1).

25. Additionally, the TRAC factors in this case weigh in favor of finding an unreasonable delay.

26. The first inquiry, regarding whether there is rhyme or reason behind the Service's delay, weighs in favor of the Plaintiff. The Secretary, and the Service through the power of the Secretary, is required to put an application on the U nonimmigrant visa waitlist after completing a de novo review of the petition and evidence. 8 C.F.R. § 214.14(c)(5). "All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement." Id. § 214(d)(2) (emphasis added). Plaintiff submitted his U nonimmigrant visa application more than two years ago and has not been placed on the wait list nor has he received an explanation for such delay. Further, in fiscal year 2021, the Congressional Appropriations Committee directed that U nonimmigrant visa applications should be reviewed within ninety days of submission.[2] Therefore, either the Service is following the directions and regulations from the Appropriations Committee and not following the process outlined in 8 C.F.R. § 214.14(c)(5), or, the Service is following the process outlined in 8 C.F.R. § 214.14(c)(5) and not following the directions of the Appropriations Committee. Regardless of which is true, the Service has no rhyme or reason to justify the current delay.

---

[2] Department of Homeland Security, *United States Citizenship and Immigration Services Budget Overview*, https://www.uscis.gov/sites/default/files/document/reports/U.S._Citizenship_and_Immigration_Services%E2%80%99_Budget_Overview_Document_for%20Fiscal_Year_2023.pdf (last accessed June 3, 2023).

27. The second inquiry, regarding health and welfare, also weighs in favor of the Plaintiff. The anxiety surrounding the uncertainty of having to wait several years for an answer on an immigration benefit is real and significant. Plaintiff's life and future, as well as that of his family's, is at a standstill until his U nonimmigrant visa petition is adjudicated or is granted deferred action as a result of being placed in the waiting list and being granted a bona fide determination. This delay is detrimental to Plaintiff's mental health and welfare. Plaintiff lacks a sense of safety being in this country because a pending U visa without a bona fide deferred action grant does not protect him from being placed in removal proceedings or ordered removed. It also does not does allow him to seek lawful employment authorization until he receives his bona fide deferred action, and thus he cannot apply for or obtain lawful employment that he would otherwise be eligible for. Further, with a grant of U visa status, he will be eligible to adjust status to that of lawful permanent resident after continuous residence for three years in the United States.

28. The third and final inquiry, the effect of expedited delayed action on agency activities or a higher or competing priority, also weighs in favor of the Plaintiff. U visas were created by Congress to "strengthen the ability of law enforcement agencies to investigate and prosecute cases of domestic violence, sexual assault, trafficking of citizens and other crimes, while also protecting victims of crimes who have suffered substantial mental or physical abuse due to the crime..."[3] The current delay does not further this goal.

29. Plaintiff therefore requests that this Court instruct USCIS to adjudicate his U visa petition without further delay.

---

[3] U.S.C.I.S., *Victims of Criminal Activity: U Nonimmigrant Status*, https://www.uscis.gov/humanitarian/victims-of-human-trafficking-and-other-crimes/victims-of-criminal-activity-u-nonimmigrant-status (last accessed June 3).

## VI.   DAMAGES

30. Plaintiff has been damaged by USCIS's failure to act. Plaintiff filed his U visa petition with the purpose of obtaining the protections offered by the U nonimmigrant status or by a bona fide determination resulting in deferred action. Under either of these two scenarios afforded to U Visa applicants, Plaintiff would be authorized for employment to support himself and his family. Having deferred action or U nonimmigrant status will also create a more secure and certain future for Plaintiff as he will not have to be concerned about possible removal from the United States.

31. The delay has harmed Plaintiff in his ability to maintain and support himself and those he supports as his employment opportunities are limited without an employment authorization card. Plaintiff has been deprived from applying and/or obtaining certain gainful employment for which he would otherwise be qualified for but for his lack of an employment authorization card.

32. Plaintiff has also suffered emotionally and mentally because of this delay, as the longer the "wait list" letter takes, the higher the risk of negative immigration consequences such as being detained by ICE for being present in the U.S. without authorization and being placed in removal proceedings. This causes Plaintiff stress and anxiety. Plaintiff worries about the uncertainty of his immigration status in the U.S. and about what would happen to him if he was removed from the country. He has been deprived from making longterm and permanent plans for his future. With the bonafide letter granting him permission to obtain deferred action, Plaintiff is protected from being removed from the United States.

## VII.   CLAIMS

33. Allegations contained in paragraphs 1 through 9 and 18 through 32 above are repeated and realleged as though fully set forth herein.

34. The Defendants' failure to make a decision on Plaintiff's petition for more than two years is a violation of their statutory duty under 5 U.S.C. § 555(b), which requires a decision to be made within a reasonable time after petitions are filed.

## VIII.   PRAYER

WHEREFORE, Plaintiff prays that this court:

1. Compel the Defendants to take all appropriate action on Plaintiff's U visa petition without further delay; and

2. Grant such other and further relief as this Court deems proper.

Dated: 09/06/2023

Respectfully Submitted,

Raymond Griffith, Esq.
Law Office of Raymond Griffith
300 E. Lombard St., Ste 1030
Baltimore, MD 21201
Tel.: (410) 244-5005
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Raymond O. Griffith, hereby certify that on this ___6th___ day of ___September___, 2023, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys on record registered with the CM/ECF system. All other parties shall be served in accordance with the Federal Rules of Civil Procedure.

Connie Nolan, Acting Associate Director
Service Center Operations Directorate
U.S. Citizenship and Immigration Services
5900 Capital Gateway Drive Mail Stop 2120
Camp Springs, MD 20588-0009

Ur M. Jaddou, Director
U.S. Citizenship and Immigration Services
5900 Capital Gateway Drive Mail Stop 2120
Camp Springs, MD 20588-0009

Alejandro Mayorkas, Secretary
U.S Department of Homeland Security
2707 Martin Luther King Jr. Ave SE
Washington D.C. 20528-0485

Erek L. Barron
U.S. Attorney for the District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201

Merrick B. Garland c/o:
U.S Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

_____           09/06/2023
Raymond Griffith, Esq.                                        Date